UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AUTOTECH TECHNOLOGY
DEVELOPMENT, INC.,

    Plaintiff,

v.

CARBOPRESS SpA a/k/a
CARBOPRESS SRL,

    Defendant.
_____/

Case No. 2:23-cv-10357
District Judge David M. Lawson
Magistrate Judge Kimberly G. Altman

**ORDER GRANTING DEFENDANT'S MOTION TO ISSUE LETTERS OF REQUEST FOR DEPOSITIONS, AND TO INSPECT DOCUMENTS, UNDER THE HAGUE EVIDENCE CONVENTION (ECF No. 39)**[1]

I.    Introduction

This is a contract dispute involving commission payments allegedly owed to Plaintiff by Defendant. (ECF No. 1). Plaintiff, Autotech Technology Development, Inc. (Autotech), alleges that Defendant CarboPress SpA (CarboPress) misinterpreted a communication as a termination of the parties' agreement and therefore has withheld commissions on all current business,

---

[1] Upon review of the parties' papers, the undersigned deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78(b); E.D. Mich. LR 7.1(f)(1).

1

including component part sales to General Motors. (*Id.*).

Before the Court is CarboPress's motion to issue Letters of Request for depositions and the inspection of documents, under the Hague Evidence Convention, 23 U.S.T. 2555, T.I.A.S. 7444. CarboPress seeks to depose two individuals in Italy and to request documents from an Italian corporation, Advanced Composites Solutions S.r.l., (ACS), which is a competitor of CarboPress. (ECF No. 39). In response, Autotech does not dispute the relevance of the requested discovery, but asks that the Court impose the following conditions on the requested depositions:

a) AutoTech's counsel be allowed to participate remotely (in Michigan), no earlier than 9 am United States Eastern Time, with audio and visual of the witnesses and others participating;

b) AutoTech's counsel must be provided in advance with any exhibits; and

c) CarboPress arranges (and pays) for a mutually-acceptable interpreter.

(ECF No. 40, PageID.522).

Under 28 U.S.C. § 636(b)(1)(A), the motion has been referred to the undersigned. (ECF No. 42). For the reasons that follow, the motion will be GRANTED. CarboPress must prepare and submit revised Letters of Request containing revisions outlined below.

II. Background

CarboPress filed the instant motion on August 2, 2024. By August 19, 2024, the motion was fully briefed, and was referred to the undersigned on August 26, 2024. (ECF Nos. 39, 40, 41, 42). Four days later, on August 30, 2024, the parties submitted a stipulation regarding mediation and adjustment to the scheduling order. (ECF No. 43). Therein, the parties agreed to attend an outside mediation on September 10, 2024, and stipulated to the extension of discovery to October 15, 2024, "to allow completion of expert and other depositions after mediation, if necessary, and to allow time to attempt to complete the discovery that is the subject of CarboPress's motion to issue letters of request . . . if and only to the extent separately granted by this Court[.]" (*Id.*, PageID.532). On September 9, 2024, the district judge extended certain case management deadlines, making discovery due by October 15, 2024 and dispositive motions due by October 30, 2024. (ECF No. 44).

### III.  Legal Standard

"The Hague Evidence Convention serves as an alternative or 'permissive' route to the federal Rules of Civil Procedure for the taking of evidence abroad from litigants and third parties alike." *Tulip Computers Int'l B.V. v. Dell Computer Corp.,* 254 F.Supp.2d 469, 472 (D. Del. 2003) (citing *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Ct. for S. Dist. of Iowa,* 482 U.S. 522 (1987)). "The Convention allows judicial authorities in one signatory country to

3

obtain evidence located in another signatory country 'for use in judicial proceedings, commenced or contemplated.' " *Id.* (quoting Hague Evidence Convention, Art. 1). Under the Hague Evidence Convention, one signatory may ask the competent authority of another signatory to obtain evidence from the latter's residents for use in foreign judicial proceedings. 23 U.S.T. 2555, T.I.A.S. No. 7444, art. 1; *Société Nationale*, 482 U.S. at 533. The United States and Italy are both signatories to the Hague Evidence Convention;[2] *see also Parimal v. Manitex Int'l, Inc.*, No. 3:19CV01910(MPS), 2021 WL 1978347, at *3 (D. Conn. May 18, 2021) (applying the Hague Evidence Convention between Italy and the United States).

"Upon receipt of a Letter of Request, which must provide specific information regarding the lawsuit and the information sought to be discovered, the signatory state shall then apply the appropriate measure of compulsion as is customary for the execution of orders issued by the authorities of its own country." *Pronova BioPharma Norge AS v. Teva Pharms. USA, Inc.*, 708 F. Supp. 2d 450, 452 (D. Del. 2010) (cleaned up). "Individuals to whom a Letter of Request is directed have the right to refuse to give evidence to the extent they are protected by a privilege under either the law of the State of execution or the State of origin." *Id.*

---

[2] See Hague Evidence Convention Status Table, https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited September 18, 2024).

4

IV. Discussion

As noted in CarboPress's reply, Autotech did not object to the production of documents request to ACS. In the absence of any objection, the Court will grant CarboPress's request to issue a letter of request to ACS for documents. *See In re Baycol Prods. Litig.*, 348 F. Supp. 2d 1058, 1059–63 (D. Minn. 2004) (issuing letter of request seeking production of documents from Italian nonparty).

As for the deposition requests, the CarboPress motion was made within the time for discovery and the discovery deadline has since been extended with the potential Hague depositions in mind. Autotech had no objection to the relevancy of the depositions, which go toward an affirmative defense CarboPress has made to the alleged breach of contract. Instead, Autotech requested that certain conditions be imposed on the depositions to allow Autotech to participate remotely at a reasonable time of day, to be provided with any proposed exhibits, and to have an interpreter provided by CarboPress. CarboPress maintains that neither it nor the Court can order the requested conditions to apply to the proceedings before the Italian judiciary. CarboPress explains:

> As indicated by the U.S. Department of State's guidance on compelling depositions in Italy under the Hague Evidence Convention, Hague depositions are controlled by the Italian judiciary, and questions are asked through Italian magistrates in a courtroom setting. See U.S. Dep't of State, Bureau of Consular Affairs, Travel.State.Gov., https://travel.state.gov/content/travel/en/legal/JudicialAssistance-Country-Information/Italy.html (last visited Aug. 19, 2024). According to the Department of State:

> This procedure is completely under the control of the Italian judiciary. If you wish to attend the hearing, you include a statement to this effect in your Letter of Request. Specify that you be notified of date, time, and place. If you desire, you may also request permission to appear before the court to ask additional questions. The court is under no obligation to allow your active participation in the hearing. If such permission is granted, the questions would normally be asked through the magistrate.
>
> (*Id.*)
>
> Based on these considerations, the depositions of Mr. Catenaro and Mr. Sportelli cannot proceed in a format that would allow AutoTech's counsel "to participate remotely (in Michigan), no earlier than 9 am United States Eastern Time, with audio and visual of the witnesses and others participating." (PageID.522.) Nor will the depositions involve exhibits. (*Id.*) Nor will they be interpreted, given that the witnesses will be Italian citizens appearing in Italian court. (*Id.*)

(ECF No. 41, PageID.525).

CarboPress represents that it will attend the depositions via Italian counsel, obtain verbatim transcripts of the Italian magistrate's questions and the witnesses' answers, and have the transcripts translated into English and provided to Autotech. (*Id.*, PageID.525-526). CarboPress further points out that Autotech may request attendance through the Italian court or with its own Letters of Request. (*Id.*).

Article 9 of the Hague Evidence Convention, as incorporated by 28 U.S.C. § 1781, states that "The judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed."

> However, it will follow a request of the requesting authority that a special method or procedure be followed, unless this is incompatible

6

with the internal law of the State of execution or is impossible of performance by reason of its internal practice and procedure or by reason of practical difficulties.

*Id.*

Taking into consideration the need for the evidence sought by CarboPress as well as the difficulty Autotech faces in light of the depositions taking place in Italy, the Court will grant CarboPress's motion to issue Letters of Request. However, CarboPress must submit revised Letters of Request containing:

- A *request* to the Italian magistrate that an Autotech representative be permitted to attend the depositions remotely,

- A *request* that the depositions occur no earlier than 9:00 a.m. United States Eastern Standard Time,

- A *request* that an English-language interpreter be provided, and

- Signature lines for Magistrate Judge Kimberly G. Altman.

Fulfillment of these requests will be left to the discretion of the Italian judiciary or magistrate. CarboPress is not responsible for their adherence. However, as CarboPress has offered, it will be responsible for obtaining a transcript of the proceedings and providing an English translation of the transcript to Autotech.

## V. Conclusion

For the reasons stated above, CarboPress's Motion to Issue Letters of

7

Request for Depositions, and to Inspect Documents, Under the Hague Evidence Convention, (ECF No. 39), is GRANTED. CarboPress will submit revised Letters of Request to the Court as outlined above. Depositions shall take place as soon as practicable. Any request to extend scheduling dates must be made to the district judge.

      SO ORDERED.

Dated: September 19, 2024             s/Kimberly G. Altman
Detroit, Michigan                     KIMBERLY G. ALTMAN
                                       United States Magistrate Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 19, 2024.

                                                    s/Julie Owens
                                                    Case Manager